IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAYMOND LEE CLIFTON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) CIVIL NO. 04-845-GPM |
| | ) |
| **WARDEN, U.S.P. LEAVENWORTH,** | ) |
| **KANSAS; JOHN ASHCROFT; UNITED** | ) |
| **STATES PAROLE COMMISSION; and** | ) |
| **DISMAS HOUSE,** | ) |
| | ) |
| **Respondents.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Raymond Lee Clifton, formerly a frequent litigator in this District, remitted a $5.00 filing fee when he filed this case. Because he included the words "habeas corpus" as part of the title of his action, the Clerk construed the case as filed under habeas corpus jurisdiction; therefore, that $5.00 was accepted as payment in full. *See* 28 U.S.C. § 1914. However, Petitioner invokes jurisdiction under 28 U.S.C. § 1651 and 28 U.S.C. § 1361, not under 28 U.S.C. § 2241 or 28 U.S.C. § 2254; therefore, the applicable filing fee is $250, not $5.00.

As for the petition itself, it is rambling and not particularly clear as to the issues presented. Petitioner refers to two prior cases from this District, as well as cases that were resolved in other federal courts. He alleges, vaguely, that Respondents have failed to comply with orders issued in those prior actions; those orders apparently pertained to "rights and privileges" to which he is entitled under those orders, specifically related to the timing of his release from custody. As relief,

he seeks an immediate hearing before the Honorable William D. Stiehl (who presided over one of Petitioner's prior cases in this District), an order preventing Respondents from issuing any arrest warrants against him or from transferring him out of the jurisdiction during the pendency of this action, and whatever other relief the Court may find appropriate.

Interestingly, Petitioner was not under this Court's jurisdiction when he filed this action; his stated address in the petition is Dismas House in St. Louis, Missouri, which is situated within the Eastern District of Missouri. 28 U.S.C. § 105(a)(1). A change-of-address notification was filed on July 21, 2005, indicating a move to Farmington, Missouri, also situated within the Eastern District of Missouri. As for Respondents, they are located, respectively, in the District of Kansas, the District of Columbia, the District of Maryland, and the Eastern District of Missouri. Therefore, this Court is not the appropriate venue for this action, whether construed as a habeas corpus action under 28 U.S.C. § 2241 or as a civil action under 28 U.S.C. § 1361 or 28 U.S.C. § 1651. *See generally* 28 U.S.C. §§ 1391, 2241(d).

Further, the Court takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, that Petitioner was released from federal custody on July 8, 2005.[1] Therefore, it seems that any claim relating to the timing of his release, particularly any claim that demands that release, is moot. In light of the insufficient filing fee and the apparent mootness of this action, the Court sees no need to transfer this action to a court of appropriate venue. Instead, this action is **DISMISSED without prejudice**. If Petitioner feels that his claims are not yet moot, he may file his claims in a court of appropriate venue, accompanied by the appropriate filing fee or motion for leave to proceed

---

[1] This information was obtained from the "Inmate Locator" option on the Bureau of Prisons' website, http://www.bop.gov/ (accessed October 11, 2005).

*in forma pauperis*.[2]

       The Clerk of Court shall **CLOSE THIS CASE**.

       **IT IS SO ORDERED.**

       DATED:  10/31/05

                                           s/ G. Patrick Murphy
                                           G. PATRICK MURPHY
                                           Chief United States District Judge

---

[2] In the alternative, if Petitioner wishes to seek specific performance of an order entered in a prior case, his remedy may be to seek relief with the court that entered the order in question, within the context of that prior case.  *See generally* FED. R. CIV. P. 69, 70.